UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

MOVING AUTHORITY ENTERPRISES
    Plaintiff,

v.                                                                                          CASE NO.

ALLIANT VAN LINES, LLC a Florida
Limited Liability Company, a/k/a
DISPATCH ASSASSINS; and ILYA Y.
BENTSIS, an individual; FRANK PORTER
JARVIS, an individual
    Defendants
_____/

## COMPLAINT

Plaintiff, MOVING AUTHORITY ENTERPRISES, ("MAE"), a Nevada Corporation by and through undersigned counsel, hereby files its Complaint against Defendants, ALLIANT VAN LINES, LLC, a/k/a DISPATCH ASSASSINS, ("ALLIANT") and ILYA Y. BENTSIS, ("BENTSIS"), and FRANK PORTER JARVIS, ("JARVIS"), (Collectively "DEFENDANTS"), and in support thereof states as follows:

## PARTIES

1. MAE is a Nevada based Corporation with a principal place of business located at 3651 Lindell Road, Las Vegas, Nevada 89103 and serves customers nationwide. MAE focuses its business on researching, developing, creating, and licensing various packages to customers within the trucking industry, including but not limited to, customers within the interstate moving industry.

2. Defendant, ALLIANT is a Florida Limited Liability Company with a principal place of business located at 5160 Las Verdes Circle, 217, Delray beach, FL 33484, and allegedly provides moving services throughout the State of Florida.

3. Upon information and belief, DISPATCH ASSASSINS is an unincorporated and unlicensed business, owned and operated by the owners of ALLIANT and advertised in conjunction with ALLIANT.

4. Defendant, BENTSIS, is the owner, operator, and driving force behind ALLIANT.

5. Defendant, JARVIS, is an authorized member of ALLIANT.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this suit because it arises under federal law, namely, the Copyright Act of 1976 (Title 17 of the United States Code), 28 U.S.C. §1331 (federal question), §1338 (copyrights), §1201 (Digital Millenium Copyright Act), and §1367 (supplemental jurisdiction).

7. This Court has personal jurisdiction over DEFENDANTS as ALLIANT is a Florida registered limited liability company and Defendant BETSIS is an individual owning property in the State of Florida and Defendant JARVIS, is an authorized member of ALLIANT.

8. Venue is proper in Palm Beach County, Florida, pursuant to U.S.C. §1391, 28 U.S.C. §1400 and as Defendant ALLIANT's principal place of business and Defendant, BETSIS' property is located in Palm Beach County.

## NATURE OF THIS ACTION

9. MAE brings this action against Defendants for violations of exclusive rights under the Copyright Act of 17 U.S.C. §106, to reproduce, prepare derivative works, and distribute copies of MAE's original copyrighted work of authorship, ("Work" defined below).

10. Further, MAE brings this action against DEFENDANTS for violation of the Florida Deceptive and Unfair Trade Practices Act.

## BACKGROUND FACTS

11. MAE is a national company which provides resources and information within the trucking and moving industry. In addition to its free resources, a main component of MAE's business is the sale of its contract packages. *See Composite Exhibit A.*

12. MAE has spent extensive time, money, and resources to build its business, including the research and development of each of its contract packages.

13. MAE's contract packages include national information as well as packages which vary by state.

14. In approximately 2012, MAE developed and created a bundle to provide to its customers which consists of a claims package, tariff, and contract created by MAE, (hereinafter the "Work").

15. Defendant, ALLIANT, is a Florida limited liability company and lists the manager and registered agent as Defendant, BENTSIS. *See Exhibit B.*

16. Defendant, ALLIANT, also lists defendant JARVIS as an authorized member. *See Exhibit C.*

17. Upon information and belief, Defendant, ALLIANT, also owns an operates the unlicensed business known as Dispatch Assassins, ("Dispatch") and advertises itself as a "professional advisor in the moving industry" through its website www.dispatcherassassin.com. *See Composite Exhibit D.*

18. Dispatch also advertises its business through an online group via the WhatsApp platform and uses this platform to distribute Plaintiff's Work. *See Exhibit E.*

19. Through its website and WhatsApp platform, Dispatch distributes infringing copies of the Work to its customers and charges up to $1,000.00, for the bundle.

**COUNT I – COPYRIGHT INFRINGEMENT**
**(U.S. Copyright Reg. No. TX-9-269-195)**

20. MAE adopts and incorporates all allegations in paragraphs 1-19 above.

21. MAE owns a valid copyright registration for the Work under registration number TX-9-269-195.

22. MAE has the exclusive right to, among other things, copy, reproduce, publicly display, create derivative works, and/or distribute the Work.

23. DEFENDANTS have displayed, distributed, shared, and published copies of the Work for their own commercial use, specifically displaying the Work on its website and providing copies directly to consumers. *See Exhibit F.*

24. By displaying, sharing, publishing, and/or duplicating the Work for its own commercial use, DEFENDANTS have violated 17 U.S.C. §106 et seq.

25. MAE has not and does not authorize DEFENDANTS to use the Work and as such the display, sharing, and/or publication of the Work by DEFENDANTS constitutes infringing behavior.

26. In violating 17 U.S.C. §106 et seq., DEFENDANTS are infringing on MAE's copyright in the Work in accordance with 17 U.S.C. §501.

27. DEFENDANTS are competitors of MAE and at this time Plaintiff is unaware how DEFENDANTS came into possession of the Work however, Plaintiff's business name and information was listed expressly on the document and as such, DEFENDANTS were well aware the Work belonged to MAE and not to DEFENDANTS.

28. DEFENDANTS blatant infringement of the MAE's Work was willful, in reckless disregard, and with indifference to the rights of MAE.

29. The infringement has caused MAE to sustain substantial, immediate, and irreparable harm for which there is no adequate remedy at law.

30. As a direct and proximate result of DEFENDANTS' acts of copyright infringement, MAE is entitled to actual and/or statutory damages in amounts to be determined at trial.

31. Each infringement of the Work by DEFENDANTS constitutes a separate and distinct act of infringement.

32. MAE is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

33. Further, MAE is entitled to permanent injunctive relief.

WHEREFORE, Plaintiff, MAE, prays that:

(a) DEFENDANTS, their agents, employees, franchisees, licensees, and/or any other parties on their behalf be permanently enjoined and restrained from:

  i. Using, distributing, or otherwise exploiting MAE's copyright in the Work;
  ii. Displaying any version of the Work on its website in an effort to promote, display, and/or publish the Work as its own;
  ii. Doing any other act or thing likely to, or calculated to, induce the belief of consumers that DEFENDANTS created the Work or that DEFENDANTS' use of the Work is in any way endorsed by MAE.

(b) Within ten (10) business days after the entry of an order for permanent injunction, DEFENDANTS, be required to turn over any copies of the Work in its possession to MAE;

(c) DEFENDANTS, their agents, employees, franchisees, licensee, and/or any other parties on their behalf be required to deliver for destruction all physical products in their possession bearing any portion of the Work, including but not limited to, all printed materials;

(d) MAE recover all DEFENDANTS' profits as well as the damages sustained by MAE due to DEFENDANTS' copyright, such amount of profits and damages to be determined at trial;

(e) DEFENDANTS be required in accordance with 15 U.S.C. §1116 to file with the Court and serve upon MAE a report in writing and under oath setting forth in detail the manner and form in which DEFENDANTS have complied with the terms of the permanent injunction;

(f) This Honorable Court award MAE such damages, including compensatory and punitive damages, as are appropriate in view of DEFENDANTS' willful and intentional conduct;

(g) DEFENDANTS be required to pay MAE, the cost of this action, together with reasonable attorney's fees and disbursements;

(h) Award, at MAE's election, actual damages and DEFENDANTS' profits or statutory damages for each violation; and

(i) MAE will receive any other relief this Court deems just, fair, and equitable.

## COUNT II – VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

34. MAE adopts and incorporates the allegations in paragraphs 1-19 as stated above.

35. MAE is an "interested party" as defined by Florida's Deceptive and Unfair Trade Practices Act. Fla. Stat. §501.203(6).

36. DEFENDANTS use its business ALLIANT for unlawful, illegal, and prohibited purposes, specifically it advertises itself as DISPATCHER ASSASSINS and represents to the public that it is a "professional advisor in the moving industry," however, it is merely an unlicensed business selling MAE's copyrighted work for DEFENDANTS own monetary gain.

37. DEFENDANTS are selling copies of the Work for its own monetary gain.

38. DEFENDANTS acted unfairly, unconscionably, and unlawfully by distributing and selling Plaintiff's Work.

39. DEFENDANTS knew or should have known its misrepresentations were likely to deceive consumers into believing DEFENDANTS were the author of the Work and "experts" in the field.

40. DEFENDANTS willfully undertook these unlawful acts, as defined under Florida Statute §501.204 and knew or should have known that such practices were unlawful.

41. Plaintiff has been and will continue to be damaged because of DEFENDANTS' unlawful actions.

WHEREFORE, Plaintiff prays that:

(a) DEFENDANTS, their agents, employees, franchisees, licensees, and/or any other parties on their behalf be permanently enjoined and restrained from:

  i. Using, distributing, or otherwise exploiting MAE's copyright in the Work;
  ii. Displaying any version of the Work on its website in an effort to promote, display, and/or publish the Work as its own;
  ii. Doing any other act or thing likely to, or calculated to, induce the belief of consumers that DEFENDANTS created the Work or that DEFENDANTS' use of the Work is in any way endorsed by MAE.

(b) Within ten (10) business days after the entry of an order for permanent injunction, DEFENDANTS, be required to turn over any copies of the Work in its possession to MAE;

(c) DEFENDANTS, their agents, employees, franchisees, licensee, and/or any other parties on their behalf be required to deliver for destruction all physical products in their possession bearing any portion of the Work, including but not limited to, all printed materials;

(d) MAE recover all DEFENDANTS' profits as well as the damages sustained by MAE due to DEFENDANTS' copyright, such amount of profits and damages to be determined at trial;

(e) DEFENDANTS be required in accordance with 15 U.S.C. §1116 to file with the Court and serve upon MAE a report in writing and under oath setting forth in detail the manner and form in which DEFENDANTS have complied with the terms of the permanent injunction;

(f) This Honorable Court award MAE such damages, including compensatory and punitive damages, as are appropriate in view of DEFENDANTS' willful and intentional conduct;

(g) DEFENDANTS be required to pay MAE, the cost of this action, together with reasonable attorney's fees and disbursements;

(h) Award, at MAE's election, actual damages and DEFENDANTS' profits or statutory damages for each violation; and

(i) MAE will receive any other relief this Court deems just, fair, and equitable.

## **DEMAND FOR JURY TRIAL**

MAE demands a jury trial for all triable issues.

Dated: June 19, 2023

Respectfully Submitted,

By: /s/KELLY ANN M. DESROSIERS
Kelly Ann M. desRosiers, Esq.
Florida Bar No. 1017878
Kelly@Lomnitzerlaw.com
The Lomnitzer Law Firm, P.A.
7999 N Federal Hwy. Suite 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
Direct: (561) 953-9301
*Attorney for Plaintiff*